FILED
2013 Jun-28 PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **NEIL DAUGHERTY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:12-CV-883-VEH** |
| | ) | |
| **WAREHOUSE HOME FURNISHINGS DISTRIBUTORS, INC., d/b/a FARMERS HOME FURNITURE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Plaintiff Neil Daugherty ("Mr. Daugherty") initiated this job retaliation case arising under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 against Defendant Warehouse Home Furnishings Distributors, Inc., d/b/a Farmers Home Furniture ("Farmers") on March 21, 2012. (Doc. 1). The lawsuit stems from acts of retaliation that Mr. Daugherty alleges occurred after complaining about "what he reasonably believed to be racial discrimination perpetuated against African-American employees" by other white employees of Farmers. (Doc. 1 at 9 ¶ 74).

Pending before the court is Farmers' Motion for Summary Judgment (Doc. 17)

(the "Motion") filed on April 1, 2013. The parties have briefed and filed evidence relating to the Motion (Docs. 18-19, 21-22, 24-25), and it is now under submission. For the reasons explained below, the Motion is **GRANTED IN PART** and otherwise is **DENIED**.

## II. STANDARDS

### A. Summary Judgment

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

### B. Retaliation

"Retaliation against an employee who engages in statutorily protected activity

is barred under both Title VII and § 1981." *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1257-58 (11th Cir. 2012). Further, in *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006), the Supreme Court abrogated prior circuit law, including that of the Eleventh Circuit, limiting anti-retaliation claims under Title VII to claims involving actions that are related to employment or that occur at the workplace. *Id*. at 2409. Rather, post-*Burlington Northern*, the recognized elements of a claim of retaliation under Title VII or § 1981 are that the plaintiff: (1) "engaged in statutorily protected activity"; (2) "suffered a materially adverse action"; and (3) "there was a causal connection between the protected activity and the adverse action."

As the Eleventh Circuit has explained the standard for establishing the second *prima facie* element to a Title VII retaliation claim:

> [T]he Supreme Court has defined an adverse employment action in the context of a retaliation claim as an action by an employer that is ["]harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination."

*Wallace v. Georgia Dept. of Transp.*, 212 Fed. App'x 799, 802 (11th Cir. 2006) (quoting *Burlington Northern*, 548 U.S. at 57, 126 S. Ct. at 2409). The Eleventh Circuit has clearly recognized this abrogation, and has consistently applied the now seven year old *Burlington Northern* standard in retaliation cases. *See Gate Gourmet*,

683 F.3d at 1258 (citing collection of cases).

## III. ANALYSIS[1]

### A. Mr. Daugherty's Uncontested Claim(s)

Mr. Daugherty's complaint contains two counts–one arising under Title VII and the other arising under § 1981. Within each separate count, Mr. Daugherty alternatively claims that he was either explicitly or constructively discharged by Farmers in retaliation for opposing race discrimination in the workplace.

By virtue of the evidence developed during discovery, the parties are in agreement that Mr. Daugherty's case is appropriately limited to a claim for retaliatory constructive discharge only. (*See* Doc. 21 at 2 n.1 ("As set forth below, the evidence since adduced has pointed to the direction that, at the end of the day, it was Daugherty who cut the tie of employment.")); *id.* ("Consequently, Daugherty proceeds only under a claim of constructive discharge."). Accordingly, with Mr. Daugherty's consent, his claims for non-constructive retaliatory discharge under Title VII and § 1981 are **HEREBY DISMISSED WITH PREJUDICE** and, to that extent, Farmers' Motion is **GRANTED**.

### B. Mr. Daugherty's Contested Claim(s)

---

[1] Given the nature of this court's ruling on summary judgment, it elects not to recite a separate statement of facts.

As set out above, post-*Burlington Northern*, an "[a]dverse action is broader in the retaliation context than in the racial discrimination context." *See Rainey v. Holder*, 412 Fed. App'x 235, 238 (11th Cir. 2011) (citing *Crawford v. Carroll*, 529 F.3d 961, 973–74 (11th Cir. 2008)). However, despite *Burlington Northern*'s no-longer-new retaliation standard, Farmers makes no effort to address its impact upon analyzing the viability of a constructive retaliatory discharge claim.

Indeed, the primary case upon which Farmers relies in its initial brief and in reply to support its constructive retaliatory discharge arguments is an unpublished decision arising under the Family and Medical Leave Act. *Cf. Foshee v. Ascension Health-IS, Inc.*, 384 Fed. App'x 890, 891 (11th Cir. 2010) ("However, it is unnecessary for us to decide whether *Burlington Northern* applies in FMLA retaliation cases in order to dispose of this appeal because even if the broader *Burlington Northern* standard applies, Foshee still cannot show that any of Ascension Health's actions had a materially adverse effect on her.").

Thus, *Foshee* fails to carry Farmers' burden as the movant and, on the whole, Farmers' position is significantly underdeveloped. As the Eleventh Circuit has described a litigant's duty to suitably frame an issue for judicial review:

> The district court did not consider that argument because it was not fairly presented. <u>Only one sentence in Smith's 116-page petition for a writ of habeas mentioned the possibility of inter-claim cumulative</u>

> analysis and no authority was cited for it. Smith did not even allude to the argument in his combined 123-page memoranda of law in support of his petition. That is not adequate presentation of the issue. *See United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (an issue was not adequately presented unless it was raised in a way that the district court could not misunderstand it); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *cf. Flanigan's Enters. Inc. v. Fulton County*, 242 F.3d 976, 987 n. 16 (11th Cir. 2001) (holding that an argument was waived because the appellants "fail[ed] to elaborate or provide any citation of authority in support of" the argument in their brief). Because the issue or argument was not properly presented to the district court, we will not decide it. *See Johnson v. United States*, 340 F.3d 1219, 1228 n. 8 (11th Cir. 2003) ("Arguments not raised in the district court are waived."); *Hurley v. Moore*, 233 F.3d 1295, 1297-98 (11th Cir. 2000); *Nyland v. Moore*, 216 F.3d 1264, 1265 (11th Cir. 2000); *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1511 n. 30 (11th Cir. 1996); *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994).

*Smith v. Secretary, Dept. of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009) (emphasis added). Consistent with the foregoing reasoning in *Smith*, Farmers' attempt to gloss over the effect of *Burlington Northern* upon retaliatory constructive discharge claims means that it has inadequately presented the merits of its Motion to this court.

In contrast, Mr. Daugherty has cited to *Kurtts v. Chiropractic Strategies Group, Inc.*, 481 Fed. App'x 462 (11th Cir. 2012) in his opposition to Farmers' Motion. Under the panel's analysis in *Kurtts*, determining whether Farmers "constructively discharged" Mr. Daugherty is no longer a relevant inquiry with

respect to retaliation, even though it would be in the context of a Title VII constructive discharge claim founded upon discrimination.

> We begin by noting that the parties have assumed that the definition of an adverse employment action under the anti-retaliation provision of Title VII, 42 U.S.C. § 2000e–3(a), is the same as that for an adverse employment action under the anti-discrimination, or substantive, provision of the statute, § 2000e–2(a). The Supreme Court rejected this view in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 64, 126 S. Ct. 2405, 2412–13, 165 L. Ed. 2d 345 (2006), and we have recognized that our prior precedent was abrogated by this decision. *See Crawford v. Carroll*, 529 F.3d 961, 973–74 (11th Cir. 2008).
>
> The Supreme Court clarified that "Title VII's substantive provision and its antiretaliation provision are not coterminous." *Burlington*, 548 U.S. at 67, 126 S. Ct. at 2414. To establish a *prima facie* case of retaliation, a plaintiff is not required to show "an ultimate employment decision or substantial employment action." *Crawford*, 529 F.3d at 974. It is therefore unnecessary to decide whether a reasonable jury could find that Kurtts was constructively discharged.
>
> The key question is whether the employer's conduct "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (quoting *Burlington*, 548 U.S. at 68, 126 S. Ct. at 2415). Although this standard does not always reflect the common understanding of the term "retaliation," it is consistent with the central purpose of the anti-retaliation provision—to prohibit "employer actions that are likely to 'deter victims of discrimination from complaining to the EEOC,' the courts, and their employers." *Burlington*, 548 U.S. at 68, 126 S. Ct. at 2415 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346, 117 S. Ct. 843, 848, 136 L. Ed. 2d 808 (1997)).

*Kurtts*, 481 Fed. App'x at 467 (emphasis added).

Glaringly absent from Farmers' briefing is any acknowledgment, much less an

attempt to discredit, the unambiguous distinction drawn in *Kurtts* between a Title VII constructive discharge claim premised upon discrimination versus one connected to retaliation. *Compare Kurtts*, 481 Fed. App'x at 465 ("In a sexual harassment case based on a constructive discharge, in addition to the elements of sexual harassment, the employee must also show 'that the abusive working environment became so intolerable that her resignation qualified as a fitting response.'"), *with id.* at 467 ("It is therefore unnecessary to decide whether a reasonable jury could find that Kurtts was constructively discharged [in the context of a retaliation claim].").

Furthermore, even though it is an unpublished decision, this court, in the dearth of any countervailing binding authority from the Eleventh Circuit, is persuaded that the Title VII retaliation framework utilized in *Kurtts* is the appropriate avenue to follow regarding Mr. Daugherty's Title VII and § 1981 retaliation claims. The court's conclusion is further bolstered by Farmers' failure to reference any Eleventh Circuit authority, published or unpublished, post-*Burlington Northern*, which embraces Farmers' naked insistence that Title VII's discriminatory constructive discharge analysis continues to apply to retaliation-based constructive discharge claims after *Burlington Northern*. (*See, e.g.*, Doc. 18 at 28 (citing *Foshee*, 384 Fed. App'x at 892)); (Doc. 25 at 8-9 (same)).

Concerning Mr. Daugherty's claim of retaliatory constructive discharge

asserted under both Title VII and § 1981,[2] the only prong that Farmers challenges is Mr. Daugherty's ability to show a materially adverse action. Because a reasonable jury could conclude that the collective acts taken against Mr. Daugherty after he engaged in protected activity in the form of a complaint to his supervisor, Randy Carroll ("Mr. Carroll"), on July 21, 2011, about racial comments made by another employee, Lavon Carr ("Mr. Carr"), might dissuade the reasonable worker from making or supporting a charge of discrimination, Farmers' Motion is **DENIED**.

Taken in a light most favorable to Mr. Daugherty, this materially adverse post-protected activity treatment includes:

> After he told Carroll about Carr's racist comments, he never heard back from anyone about the matter and Carroll added work to Daugherty, ordered him (for the first time) to send new inventory from his store to the outlet center, raised the credit requirement for his customers, and ordered him to discipline only a black employee under circumstances where white employees were equally at fault. Faced with Carroll's ignoring his complaint of race discrimination after other instances of such discrimination and the retaliation given instead, Daugherty felt he had no choice but to resign. As to the financial ramifications of what he would have endured, he was right. The proposed shipment of new merchandise to the outlet center would have cost Daugherty's store money. Further, as set forth above, Daugherty's store had less bad debt than other stores in Carroll's group, but Carroll did not raise their credit level. Contrary to the claim of Carroll and Farmers that this increase

[2] Neither party has suggested that the court analyze Mr. Daugherty's Title VII retaliation claim differently than the one he has asserted under § 1981. Further, the court finds that no such distinction applies. *See Gate Gourmet, Inc.*, 683 F.3d at 1257-58.

> would have actually raised store profits and Daugherty's income, the evidence as set forth above is that it both decreased substantially after Daugherty left.

(Doc. 21 at 17).

In sum, while the court acknowledges that a jury might ultimately find the material adversity prong to be lacking, nonetheless, it is persuaded that the record contains "evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions." *MacPherson v. University of Montevallo*, 922 F.2d 766, 776 (11th Cir. 1991) (internal quotation marks omitted) (quoting *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1998)).

## IV. CONCLUSION

Therefore, Farmers' Motion is **GRANTED** only to the extent that Mr. Daugherty's complaint asserts separate claims against Farmers for directly discharging him in retaliation for engaging in protected activity under Title VII and § 1981. Otherwise, Farmers' Motion is **DENIED**. By separate order, the court will set this case for a final pretrial conference.

**DONE** and **ORDERED** this the 28th day of June, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge