## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **NEIL DAUGHERTY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:12-CV-883-VEH |
| | ) |
| **WAREHOUSE HOME** | ) |
| **FURNISHINGS DISTRIBUTORS,** | ) |
| **INC., d/b/a FARMERS HOME** | ) |
| **FURNITURE,** | ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM OPINION AND ORDER**

## **I.   INTRODUCTION**

This Title VII/§ 1981 retaliation case is set for a jury trial beginning Tuesday, November 12, 2013, in Anniston. (Doc. 28 at 14).

Pending before the court are three motions in limine all of which were filed on October 15, 2013: (1) Defendant's Motion in Limine Regarding the Findings of its Investigation of Plaintiff's Store, the Audit of Plaintiff's Store, and the Inventory Count in Plaintiff's Store (Doc. 35) (the "Investigation Motion"); (2) Defendant's Motion in Limine Regarding "Me Too" Evidence and Testimony of Other Alleged Acts of Discrimination and/or Retaliation Beyond Plaintiff's Verbal Complaint to

Randy Carroll and His Resignation Letter (Doc. 36) (the "'Me Too' Motion"); and (3) Plaintiff's Motion in Limine (Doc. 37) (the "Plaintiff's Motion").

These motions seek to preclude or allow a number of different areas of evidence at trial primarily on the bases of Rules 401, 402, and 403 of the Federal Rules of Evidence. Under the schedule set forth in the pretrial order (Doc. 28) entered on August 16, 2013, the deadline to respond to the motions in limine ran on October 29, 2013, and responses to these motions have been filed. (*See* Docs. 41 (Defendant's response), 42 (Plaintiff's combined response to Defendant's Investigation Motion and "Me Too" Motion)).

As for objections to witnesses and exhibits, under the court's pretrial order entered in this case:

> <u>If there are unresolved objections after the parties consult, the parties shall, at least fourteen (14) calendar days before trial,</u> submit to the court, in writing, proposed deposition testimony and trial exhibits and any unresolved objections thereto. A brief argument may be submitted at that time, if necessary. The unresolved objections and arguments (if any) must be emailed to chambers of the undersigned, and a hard copy of any objected-to exhibits must be delivered to chambers of the undersigned (via the clerk's office).

(Doc. 28 at 12 (emphasis added)). On October 29, 2013, both Plaintiff and Defendant submitted unresolved objections to the court via chambers email.

The court held a hearing on all pending motions and objections and a

preliminary charge conference on Friday, November 1, 2013, in Anniston.

For the reasons stated in open court and herein, the parties' motions in limine are **GRANTED IN PART** and **DENIED IN PART**. Further, the parties' unresolved objections are **SUSTAINED IN PART**, **OVERRULED IN PART**, **TERMED** as **MOOT IN PART**, and **RESERVED IN PART**.

## II.   STANDARDS

### A.   Applicable Evidentiary Rules

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Regarding the admissibility of evidence generally, Rule 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

Finally, the exclusionary standard pursuant to Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

**B.     Standard of Review**

"All evidentiary decisions are reviewed under an abuse-of-discretion standard." *See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 F. App'x 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has made clear, not every incorrect evidentiary ruling constitutes reversible error:

> Auto-Owners' second argument is that it is entitled to a new trial on the basis of what it describes as a number of erroneous evidentiary rulings by the district court. Evidentiary rulings are also reviewed under an abuse of discretion standard. *Finch v. City of Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989). Moreover, even if Auto-Owners can show that certain errors were committed, the errors must have affected "substantial rights" in order to provide the basis for a new trial. *See* Fed. R. Evid. 103(a). "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *Perry*, 734 F.2d at 1446. *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319 (11th Cir. 1988).

*Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993). Therefore, even the existence of many evidentiary errors does not guarantee the appealing party a new trial. Instead, such erroneous rulings by a district court must "affect the substantial rights of the parties" in order for reversible error to occur.

### III.   RULINGS

Consistent with the hearing held in open court on November 1, 2013, the court makes the following evidentiary rulings.[1]

### MOTIONS IN LIMINE

As explained more fully below, the parties' motions in limine are **GRANTED IN PART** and **DENIED IN PART**.

### A.   Defendant's Motions in Limine

#### 1.   Defendant's Investigation Motion

The Investigation Motion seeks permission for Defendant "to present testimony and evidence regarding the findings of its investigation into plaintiff's store, the findings of the audit conducted of plaintiff's store, and the inventory count in plaintiff's store after his resignation." (Doc. 35 at 1). Defendant's Investigation Motion is **GRANTED** except as follows: Defendant is precluded from introducing any evidence regarding or otherwise referring to Plaintiff's gambling and is precluded from introducing any evidence regarding or otherwise referring to Plaintiff's alleged use of prostitutes and strippers.

---

[1] The following rulings are subject to revision during trial, including, for example, if a party "opens the door" to an area of evidence which the court prohibited on the motion of that particular party. However, the court cautions counsel to make sure before covering any area of evidence prohibited by this order that the court is in agreement that such introduction before the jury is or has become proper.

According to the Investigation Motion, these areas of investigative information were delved into by Defendant after Plaintiff submitted his resignation email on August 10, 2011. In particular, Defendant conducted a post-resignation investigation of the Talladega Store and Plaintiff because it was deciding whether to offer Plaintiff the option to return to work.

Defendant maintains that the results of its post-resignation investigation are relevant to Plaintiff's damages, his real reason for resigning, and to its after-acquired evidence defense. (Doc. 35 at 5-8). Plaintiff's opposition disputes relevancy, argues that such evidence is overly prejudicial, and in particular contends that Defendant should be precluded from asserting an after-acquired evidence defense because it has not previously been asserted or developed. (Doc. 42 at 5).

As the Eleventh Circuit has explained the contours of the after-acquired evidence doctrine.

> [T]he burden is on the employer to prove that "the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone." *Id.* at 362–63, 115 S. Ct. at 886–87. Thus, it is an affirmative defense that <u>an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order</u>. *See Pulliam v. Tallapoosa Cnty. Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999) (noting that the failure to plead an affirmative defense "is not fatal as long as it is included in the pretrial order").

*Holland v. Gee*, 677 F.3d 1047, 1065 (11th Cir. 2012) (emphasis added).

Here, while Defendant has not listed this affirmative defense in the pretrial order, it has expressly included it in its answer (Doc. 9) filed on April 25, 2012. More specifically, the fifteenth defense states:

> Plaintiff's claim for economic damages should be barred or limited by any <u>after acquired evidence</u> discovered by defendant that would show that plaintiff's employment would have been terminated on other grounds.

(Doc. 9 at 15 (emphasis added)).

Thus, because Defendant has adequately preserved its right to assert an after-acquired evidence defense at trial, the results of its post-resignation investigation are relevant and, subject to the limitations set out above, not unduly prejudicial.

### 2.  Defendant's "Me Too" Motion

Defendant's "Me Too" Motion seeks to preclude six areas of evidence discovered during Plaintiff's deposition in which he "discussed other alleged acts of discrimination and added to the allegations contained in his complaint to Mr. Carroll and in his resignation letter." (Doc. 36 at 3). These areas are:

> (1) Herbert Scott, a Manager-in-Training, feeling that the store assignments were discriminatory and that he was not given the same opportunities as white Store Managers-in-Training; (2) an unknown Store Manager allegedly making complaints of sexual harassment prior to plaintiff's employment; (3) Claudia Mitchell, a Store Manager in Summerville, allegedly complaining about sexual harassment.; (4) Larry Davis, a Store Manager, being demoted because of his age and health problems; and (5) Juliette Cook being discharged and filing a Charge of

Discrimination alleging race discrimination after plaintiff's employment ended[; and (6)] . . . plaintiff['s] testif[ying] in great detail about Janet's Mitchell's Charge of Discrimination.

(Doc. 36 at 3 (internal citation omitted)).  As set out below, Defendant's "Me Too" Motion is **GRANTED IN PART** and **DENIED IN PART**.

### a.   Uncontested Portions

In his opposition to Defendant's "Me Too" Motion, Plaintiff states that he "does not contest Farmer's motion with respect to referenced items (1)-(4)." (Doc. 42 at 9).  Accordingly, the "Me Too" Motion is **GRANTED** with respect to those four uncontested portions.

### b.   Contested Portions

Plaintiff does oppose the "Me Too" Motion concerning the last two categories because they involve "evidence regarding race discrimination by Randy Carroll against Mitchell and Cook . . . ." (Doc. 42 at 9).  The "Me Too" Motion is **GRANTED** as to any discrimination and/or retaliation claims made by Juliette Cook ("Ms. Cook") and Janet Mitchell ("Ms. Marshall")[2] which Plaintiff was not aware of at the time he wrote his resignation letter and is otherwise **DENIED**.

Regarding the discrimination and retaliation claims that Plaintiff did have knowledge of, Plaintiff maintains and the court agrees that because these situations

---

[2] As clarified during the hearing, Janet Mitchell's last name is now Marshall.

involve Mr. Carroll, the same relevant decision-maker in his case, such "me too" evidence is admissible consistent with *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261 (11th Cir. 2008):

> <u>The "me too" evidence was admissible, under Rule 404(b), to prove the intent of Bagby Elevator to discriminate and retaliate</u>. We have upheld the admission of coworker testimony in a sexual harassment context under Rule 404(b) to prove the defendant's "motive, ... intent, ... [or] plan" to discriminate against the plaintiff. Fed. R. Evid. 404(b); *Phillips v. Smalley Maint. Servs., Inc.*, 711 F.2d 1524, 1532 (11th Cir. 1983). Goldsmith and coworkers Jemison and Thomas were discriminated against by the same supervisor, Farley, so the experiences of Jemison and Thomas are probative of Farley's intent to discriminate. Steber was involved in the termination decisions of all four individuals, so the experiences of Jemison, Peoples, and Thomas are probative of Steber's intent.
>
> There was also evidence that was probative of the intent of Bagby Elevator to retaliate against any black employee who complained about racial slurs in the workplace. The evidence about Peoples, Thomas, and Jemison suggested that any black employee of Bagby Elevator who complained about racial discrimination was terminated. After Peoples filed her charge of discrimination with the EEOC, she was required to sign a promissory note on her employee salary advance, she was reprimanded for disabling automatic deductions from her paycheck, she was warned about having visitors at work, and she received a disproportionate amount of the payroll workload, none of which had ever happened before she filed her charge. Thomas was fired by Bowden for alleged reckless driving that Thomas denied, and Thomas testified that he was fired six weeks after his complaint about Farley's racial slur to Bowden and one week after Thomas had already submitted his resignation to Bowden.

*Goldsmith*, 513 F.3d at 1286 (emphasis added).

The court also rejects Defendant's contention that the introduction of "me too" evidence is only appropriate in pattern and practice cases. As Plaintiff correctly points out (Doc. 42 at 11), the Eleventh Circuit upheld the admissibility of such evidence in *Goldsmith* even though the pattern and practice claim asserted there ultimately did not go to the jury. *See Goldsmith*, 513 F.3d at 1291 ("Bagby Elevator suffered no prejudice when the district court allowed Goldsmith to amend his complaint because the district court later dismissed the claim added by the amendment."). Further, the other cases cited by Defendant for this proposition are non-binding and the court finds them to be unpersuasive and/or distinguishable.

Finally, the court is not persuaded by Defendant's Rule 403 objection to the "me too" claims which Plaintiff seeks to introduce. In particular, the court points out that the scope of this exclusionary rule is a fairly narrow one, that it should only be sparingly applied, and that, here, the relevancy of Mr. Carroll's intent as suggested by the discrimination and retaliation claims involving other employees who were supervised by Mr. Carroll (and that Plaintiff was aware of when he wrote his resignation letter), is not substantially outweighed by prejudice.

Accordingly, the "Me Too" Motion is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

    **B.**    **Plaintiff's Motion**

Plaintiff's Motion contains two parts. The court addresses each one separately below.

### 1. Defendant's Post-Resignation Investigation

Plaintiff seeks to preclude Defendant from introducing evidence relating to its post-resignation investigation of Plaintiff's allegations against the company and Plaintiff. Consistent with the court's ruling on Defendant's Investigation Motion and, more specifically, because of the relevancy of this evidence to Defendant's after-acquired evidence defense, this first portion of Plaintiff's Motion is **DENIED** except as set out in Section A.1. of this Memorandum Opinion and Order.

### 2. Plaintiff's Gambling

Plaintiff also seeks to preclude Defendant from introducing evidence relating to Plaintiff's gambling that was discovered during Defendant's post-resignation investigation of Plaintiff on relevancy and unduly prejudicial grounds. To the extent that such evidence is relevant, the court finds that Plaintiff's Rule 403 contention is well-taken and therefore this second portion of Plaintiff's Motion is **GRANTED**, and Defendant is **HEREBY PRECLUDED** from introducing evidence regarding, or otherwise referring to, Plaintiff's gambling.

## UNRESOLVED OBJECTIONS

**A.   Unresolved Objections to Plaintiff's Exhibits**

Plaintiff has listed unresolved objections to four categories of his anticipated trial exhibits and four categories of his potential trial exhibits.[3] As discussed more fully below, these objections are **SUSTAINED IN PART**, **OVERRULED IN PART**, **TERMED** as **MOOT IN PART**, and **RESERVED IN PART**.

### Objections to Plaintiff's Anticipated Exhibits

1. **Plaintiff's Exhibit 2 (Doc. 20-2) (Janet Marshall's EEOC Charge)**

As stated during the hearing, Plaintiff has withdrawn his intent to introduce Exhibit 2. Accordingly, the objections to Plaintiff's Exhibit 2 are **TERMED** as **MOOT**.

2. **Plaintiff's Exhibit 4 (Doc. 20-4) (Pay Records for Plaintiff and Edward Chapman)**

Defendant has no objection to the admission of Plaintiff's pay records. (Doc. 38 at 3). As stated during the hearing, Defendant has withdrawn its objections to the pay records of Edward Chapman, who replaced Plaintiff at the Talladega Store. Accordingly, these objections are **TERMED** as **MOOT**.

3. **Plaintiff's Exhibit 5 (Doc. 20-7) (Cliff Watson March 2009 Update Master Form)**

Consistent with the court's ruling on Defendant's Investigation Motion above, the objections to Plaintiff's Exhibit 5 relating to rebutting Defendant's after-acquired

---

[3] No submission was made regarding any unresolved objections to Plaintiff's witnesses.

evidence defense are **OVERRULED**.

4.      **Plaintiff's Exhibit 14 (Plaintiff's Lost Wages Calculation)**

Because this exhibit has now been disclosed to Defendant, the objections to Plaintiff's Exhibit 14 relating to its non-production by Plaintiff are **OVERRULED**.

### Objections to Plaintiff's Potential Exhibits

1.      **Plaintiff's Exhibit 27 (Defendant's Answers to Interrogatories)**

Because this is listed as a potential exhibit which Plaintiff may seek to introduce in effort to show evidentiary inconsistencies, the relevancy objection to Plaintiff's Exhibit 27 is **RESERVED**.

2.      **Plaintiff's Exhibit 28 (Defendant's Responses to Requests for Production)**

Because this is listed as a potential exhibit which Plaintiff may seek to introduce in effort to show evidentiary inconsistencies, the relevancy objection to Plaintiff's Exhibit 28 is **RESERVED**.

3.      **Plaintiff's Exhibit 29 (Plaintiff's Complaint (Doc. 1))**

Because this is listed as a potential exhibit which Plaintiff may seek to introduce in effort to show evidentiary inconsistencies, the relevancy objection to Plaintiff's Exhibit 29 is **RESERVED**.

4.      **Plaintiff's Exhibit 30 (Defendant's Answer (Doc. 9))**

Because this is listed as a potential exhibit which Plaintiff may seek to introduce in effort to show evidentiary inconsistencies, the relevancy objection to Plaintiff's Exhibit 30 is **RESERVED**.

### B.     Unresolved Objections to Defendant's Exhibits

Defendant has listed unresolved objections to eleven categories of its anticipated trial exhibits and three categories of its potential trial exhibits.[4]  As discussed more fully below, these objections are **SUSTAINED IN PART**, **OVERRULED IN PART**, **TERMED** as **MOOT IN PART**,  and **RESERVED IN PART**.

### Objections to Defendant's Anticipated Exhibits

#### 1.     Defendant's Exhibit 28 (Bates Stamp Numbers 293-332) (Post-Resignation Investigative Documents)

As stated during the hearing, Defendant has withdrawn its intent to introduce most of Defendant's Exhibit 28, with the exception of Bates Stamp Numbers 304-308, which shall be referred to as Defendant's Exhibit 28A.  For the withdrawn portion of Defendant's Exhibit 28, the objections are **TERMED** as **MOOT**.  Consistent with the court's ruling on Defendant's Investigation Motion above, any objections to Defendant's Exhibit 28A are **OVERRULED**.

---

[4] Plaintiff did not file any objections to Defendant's list of witnesses.

## 2. Defendant's Exhibit 32 (Bates Stamp Numbers 678-736) (Post-Resignation Interview Notes)

For the reasons stated by the court on the record, the objections to Defendant's Exhibit 32 are **SUSTAINED**. However, witnesses who participated in the multi-faceted post-resignation investigation by Defendant (*i.e.*, the inventory analysis of the Talladega Store, the audit of the Talladega Store, and the investigation of Plaintiff) will be allowed to testify about what role they played in the various components of the investigation and about what they learned during the investigation, except as set out below. All witnesses are **HEREBY PROHIBITED** from testifying about Plaintiff's gambling or his alleged use of prostitutes and strippers.

## 3. Defendant's Exhibit 33 (Bates Stamp Numbers 737-738) (Randy Carroll's Email to Angela Mitchell Regarding Inventory Shortage at Talladega Store)

The objections to Defendant's Exhibit 33 are **SUSTAINED IN PART** and **OVERRULED IN PART**. The court will allow a redacted version of Defendant's Exhibit 33 to be introduced at trial, consistent with the modifications stated on the record during the hearing.

## 4. Defendant's Exhibit 34 (Bates Stamp Numbers 739-750) (Felicia Channel's Memo Regarding Talladega Store Visit Investigation)

The objections to Defendant's Exhibit 34 are **SUSTAINED IN PART** and **OVERRULED IN PART**. The court will allow a redacted version of Defendant's


Exhibit 34 to be introduced at trial, consistent with the modifications stated on the record during the hearing.

> **5.    Defendant's Exhibit 35 (Bates Stamp Number 751) (Bonita Harper Email to Angela Mitchell Regarding Audit of Talladega Store)**

The objections to Defendant's Exhibit 35 are **SUSTAINED IN PART** and **OVERRULED IN PART**.  The court will allow a redacted version of Defendant's Exhibit 35 to be introduced at trial, consistent with the modifications stated on the record during the hearing.

> **6.    Defendant's Exhibit 36 (Bates Stamp Numbers 752-773) (Audit of Talladega Store)**

Consistent with the court's ruling on Defendant's Investigation Motion above, the objections to Defendant's Exhibit 36 are **OVERRULED**.  More specifically, Plaintiff's contentions premised upon the lapse in time go to the evidence's weight, not its admissibility.

> **7.    Defendant's Exhibit 37 (Bates Stamp Numbers 777-808) (Account Records for Maurice Castleberry)**

Consistent with the court's ruling on Defendant's Investigation Motion above, the objection to Defendant's Exhibit 37 is **OVERRULED**.  However, in presenting this evidence, all witnesses are **HEREBY PRECLUDED** from making any references to Plaintiff's alleged use of prostitutes and strippers.

**8.     Defendant's Exhibit 38 (Bates Stamp Number 862) (Email from Claudia Peavy to Craig Lasting Regarding Talladega Store Performance)**

Consistent with the court's ruling on Defendant's Investigation Motion above, the objection to Defendant's Exhibit 38 is **OVERRULED**.

**9.     Defendant's Exhibit 41 (Bates Stamp Numbers 1269-1284) (Farmers Home Furniture Audit Program)**

Consistent with the court's ruling on Defendant's Exhibit 36 above, the objection to Defendant's Exhibit 41 is **OVERRULED**.

**10.    Defendant's Exhibit 42 (Bates Stamp Numbers 1285-1311) (Physical Comparison Records)**

Consistent with the court's ruling on Defendant's Investigation Motion above, the objection to Defendant's Exhibit 42 is **OVERRULED**.

**11.    Defendant's Exhibit 59 (Portion of Plaintiff's Tax Returns Reflecting Legal Gambling Winnings)**

The objections to Defendant's Exhibit 59 are **SUSTAINED IN PART** and **OVERRULED IN PART**.  The court will allow a redacted version of Defendant's Exhibit 59 to be introduced at trial, consistent with the modifications stated on the record during the hearing.

<u>**Objections to Defendant's Potential Exhibits**</u>

**1.     Subpoenaed Records from MapCo Express, Inc.**

Plaintiff has objected on Rule 402 and 403 grounds. Because these records are listed as potential exhibits and also are unavailable for review at this time, the objections are **RESERVED**. Before referring to theses records, defense counsel must show them to plaintiff's counsel and, if plaintiff's objections are not resolved, defense counsel must obtain a ruling from the court regarding plaintiff's objections.

### 2. Subpoenaed Records from VMA

Plaintiff has objected on Rule 402 and 403 grounds. Because these records are listed as potential exhibits and also are unavailable for review at this time, the objections are **RESERVED**. Before referring to theses records, defense counsel must show them to plaintiff's counsel and, if plaintiff's objections are not resolved, defense counsel must obtain a ruling from the court regarding plaintiff's objections.

### 3. Subpoenaed Records from TDI, Inc.

Plaintiff has objected on Rule 402 and 403 grounds. Because these records are listed as potential exhibits and also are unavailable for review at this time, the objections are **RESERVED**. Before referring to theses records, defense counsel must show them to plaintiff's counsel and, if plaintiff's objections are not resolved, defense counsel must obtain a ruling from the court regarding plaintiff's objections.

**DONE** and **ORDERED** this the 6th day of November, 2013.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

19